IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00662-REB-MEH

GUILLERMO LAZO, and
JUDY LAZO,

      Petitioners,

v.

INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA,
LYNN ROZENSKI,
JAMES DWYER,

      Respondents.

## ORDER ON PETITION TO QUASH THIRD PARTY SUMMONS

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Petition to Quash Third Party Summons filed by the Petitioners, Guillermo and Judy Lazo [filed March 16, 2011; docket #1]. The matter has been referred to this Court for disposition [docket #5]. For the reasons that follow, the petition is **dismissed** for lack of subject matter jurisdiction.

The Lazos filed the present petition on March 16, 2011. Upon referral and initial review of the petition, this Court ordered the Lazos to file a written certification on or before April 1, 2011 demonstrating service of the petition upon the Respondents.[1] Docket #6. Rather than file such certificate, Petitioners filed an Affidavit of Service on March 31, 2011, reflecting personal service of their motion upon Respondent James Dwyer on March 29, 2011. *See* docket #7.

---

[1] Upon further review and consideration of the operative petition, the Court concludes that Fed. R. Civ. P. 5 does not govern service of the petition in this matter; however, the Court has authority under Rule 5 and D.C. Colo. LCivR 5.1G to request the filing of a certificate demonstrating proper service of the petition.

However, upon further review of the petition, the Court perceived a question as to its authority to hear this case. That is, "[t]he United States and its agencies enjoy immunity from suit except insofar as Congress has enacted legislation effecting an unequivocal waiver." *Upton v. I.R.S.,* 104 F.3d 543, 545 (2d Cir. 1997). Relevant to this case, under 26 U.S.C. § 7609, Congress created a discrete and limited waiver of that immunity solely for the purpose of permitting a taxpayer to "quash an administrative summons served on a third-party recordkeeper." *Id.* (internal quotations omitted).

Attached to the summons in this matter are copies of certain applicable provisions of the Internal Revenue Code, including Section 7609, which describes Special Procedures for a Third-Party Summons. *See* docket #1 at 12. Specifically, Section 7609(b)(2) delineates the proper proceeding for quashing a third-party summons and states in pertinent part:

> (A) In general - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the matter provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
>
> (B) Requirement of notice to person summoned and to Secretary - If any person begins a proceeding under Subparagraph (A) with respect to any summons, ***not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).***

26 U.S.C. § 7609(b)(2) (emphasis added). As set forth in the emphasized portion of the statute, a petitioner must serve by registered or certified mail a copy of the petition upon the person summoned and the Internal Revenue Service ("IRS") office designated by the Secretary within 20 days after notice of the summons. *Id.*

Section 7609 is a conditional waiver of the United States' sovereign immunity and, therefore, courts must construe its requirements strictly. *Faber v. United States*, 921 F.2d 1118, 1119 (10th

Cir. 1990). "Failure to comply with § 7609(b)(2)(B) is a jurisdictional defect." *Wade v. Internal Revenue Serv.*, 208 F.3d 228, 2000 WL 293688, at *1 (10th Cir. Mar. 21, 2000) (unpublished) (citing 26 C.F.R. § 301.7609-3(b)(2)(iii) then in effect). In fact, the current regulation governing proceedings to quash states in pertinent part:

> (2) **Requirements for a proceeding to quash.** To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person --
>
> (i) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;
> (ii) Notify the Internal Revenue Service (IRS) by sending a copy of that petition to quash by registered or certified mail to the IRS employee and office designated in the notice of summons to receive the copy; and
> (iii) Notify the summoned person by sending by registered or certified mail a copy of the petition to quash to the summoned person.
>
> (3) **Failure to give timely notice**. If a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding.

26 C.F.R. § 301.7609-4(b).

In this case, the challenged IRS Summons reflects that it was served by United States mail upon "U.S. Bank Subpoenas or Court Order" on March 2, 2011. *See* docket #1 at 8. In challenging the summons through their petition filed in this Court, Petitioners attached no certificate of service nor any other document demonstrating compliance with 26 U.S.C. § 7609(b)(2) and 26 C.F.R. § 301.7609-4(b). Following this Court's March 24, 2011 order requesting a certificate of service, Petitioners filed only an Affidavit of Service reflecting service of the petition upon Respondent James Dwyer on March 29, 2011.

With this in mind, this Court issued an order to Petitioners to show cause why the Court should not deny their petition for the Court's lack of subject matter jurisdiction over the matter. The

issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos,* 31 F.3d 931, 933 (10th Cir. 1994).

Petitioners did not file a written response to the Court's order to show cause; rather, they filed a Certificate of Service executed by a process server demonstrating (again) that Mr. Dwyer was served on March 29, 2011. Docket #9. Subsequently, Petitioners filed a copy of the same Certificate of Service with copies of receipts showing that the Certificate was delivered to Mr. Dwyer by certified mail on April 19, 2011, and received at the address provided for Mr. Dwyer by a person named "Sonja" (last name illegible). Docket #10. Unfortunately, none of Petitioners' filings demonstrate proper compliance with 26 U.S.C. § 7609(b)(2) and 26 C.F.R. § 301.7609-4(b).

The challenged summons was mailed to "U.S. Bank" on March 2, 2011; therefore, Petitioners were required not only to file their petition on or before March 22, 2011 (here, they timely filed the petition on March 16, 2011), but also to serve a copy of the petition upon the person summoned, U.S. Bank, and "the IRS employee and office designated in the notice of summons to receive the copy" (here, presumably Mr. Dwyer at the IRS), on or before March 22, 2011. *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990) (for purposes of 26 U.S.C. 7609(b)(2), notice is given on the date it is mailed); *see also* 26 C.F.R. § 301.7609-4(b)(2). In this case, Petitioners served the petition upon Mr. Dwyer outside the required time limitation, and they provide no evidence that they have served U.S. Bank at all.[2] Consequently, because of Petitioners' failure to

---

[2]In addition, there is indication in the case law that the United States must also be served a copy of the petition pursuant to Fed. R. Civ. P. 4. *See Vento v. United States*, No. 06-cv-02430-REB, 2007 WL 1521579 (D. Colo. May 23, 2007). However, while nothing in the record demonstrates that Petitioners have attempted service of the petition upon the United States, the Court

comply with statutory notice requirements, the Court lacks subject matter jurisdiction to hear this action. *See Wade*, 2000 WL 293688 at *1 (affirming trial court's denial of a motion to quash because the petitioner did not serve the petition upon the summoned bank); *see also Pragovich v. Internal Revenue Serv.*, No. 08-cv-00791-DME, 2008 WL 4197762 (D. Colo. Sept. 10, 2008) (dismissing motion to quash for lack of subject matter jurisdiction where petitioner failed to serve summoned parties).

Accordingly, because Petitioners have failed to demonstrate they have overcome the presumptive immunity of the United States, the Petition to Quash Third Party Summons filed by the Petitioners, Guillermo and Judy Lazo [filed March 16, 2011; docket #1] is **dismissed** for lack of subject matter jurisdiction.

Dated this 28th day of April, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

notes that the time limit for doing so has not passed.